NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3203
_____

KENNETH MURCHISON,
                                        Appellant

v.

WARDEN LEWISBURG USP; NORTHEAST REGIONAL
DIRECTOR NORWOOD, Director of the Northeast Region of FBOP;
UNKNOWN ADMINISTRATIVE REMEDY COORDINATORS;
HENRY J. SADOWSKI, Tort Claim Coordinator;
POTTER, Physician Assistant; PIGOS, Physician Assistant;
SORT TEAM MEMBERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-01944)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 12, 2013

Before:  HARDIMAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: October 18, 2013)
_____

OPINION
_____

1

PER CURIAM

Pro se Appellant Kenneth Murchison appeals the District Court's order granting

Defendants' motion to dismiss or, in the alternative, for summary judgment. For the

reasons set forth below, will summarily affirm the District Court's judgment. See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we will recite only the facts necessary

for our discussion. Murchison is an inmate at the United States Penitentiary Lewisburg,

in Lewisburg, Pennsylvania ("USP-Lewisburg"). He filed a Bivens[1] action against Dr.

Kevin Pigos and Physician Assistant Potter ("PA Potter") alleging that they rendered

improper medical care in violation of the Eighth Amendment with respect to treatment of

his diabetes.[2] Specifically, Murchison claims that Dr. Pigos and PA Potter intentionally

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] In his original complaint, Murchison named as defendants various prison officials. The District Court dismissed with prejudice Murchison's claims for damages against the Defendants in their official capacities, as well as his Eighth Amendment conditions of confinement claim and his First Amendment denial of access to court claim and recommitted the case to the Magistrate Judge. Thereafter, Murchison filed an amended complaint to include claims against Dr. Pigos and PA Potter. The District Court dismissed all of Murchison's claims, except for his Eighth Amendment claim for denial of proper medical care against PA Potter and Dr. Pigos and granted Murchison forty-five days to file a second amended complaint, limiting it to five specific claims. Murchison never filed a second amended complaint and the District Court treated Murchison's claims as proceeding on his first amended complaint with respect only to his claim for denial of proper medical care against PA Potter and Dr. Pigos. We find no error in the Court's doing so.

lowered the dosage of his pain medication, Gabapentin[3], without notice or any examination, in retaliation for a prior conflict he had with PA Potter.[4]

Dr. Pigos and PA Potter filed a motion to dismiss the complaint, or in the alternative, a motion for summary judgment. Murchison did not respond to the Defendants' statement of material facts and the District Court granted the motion, concluding that Murchison failed to exhaust his administrative remedies and that he failed to prove the elements of an Eighth Amendment claim because the Defendants' undisputed evidence showed that they did not act with deliberate indifference to a serious medical need. This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting or denying summary judgment, applying the same standard as the district court. See Tri–M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011). We will affirm only if "drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Id. We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

---

[3] Gabapentin is used to treat polyneuropathy, which is a neurological disorder associated with his diabetes.
[4] Murchison included these allegations in a previous motion for a preliminary injunction, requesting immediate transfer to USP-Allenwood, which the District Court denied.

3

III.

In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

We agree with the District Court that the undisputed evidence shows that Dr. Pigos and PA Potter did not violate Murchison's Eighth Amendment right to proper medical care.[5] The record shows that Murchison was seen on a regular basis by the

---

[5] The United States District Court for the Middle District of Pennsylvania's local Rule 56.1 is clear: "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the" moving party's Rule 56.1 statement. M.D. Pa. Local R. 56.1. The facts in the moving party's statement are deemed admitted "unless controverted by the statement required to be served " by the nonmovant. Id. Here, the Defendants' statement of material facts are supported by citations to the record. Thus, given that Murchison did not respond to the Defendants' statement of material facts, the District Court did not err in concluding that the Defendants' material facts are undisputed.

4

medical staff for treatment of his diabetes and related conditions. Specifically, with respect to his pain medication, when Dr. Pigos first saw Murchison in May 2011, he prescribed insulin to treat his diabetes and Gabapentin to treat his pain. In July 2011, due to an increase in neuropathic pain, a physician assistant increased Murchison's dose of Gabapentin from 900 mg to 1200 mg. In August 2011, Murchison again complained of pain and the physician assistant increased his dosage to 1200 mg in the morning and 1800 mg in the evening. The medical records show that Dr. Pigos co-signed the order and the same prescription was refilled in November 2011 and again in March 2012. In the end of March 2012, Murchison's dosage of Gabapentin was increased to 1800 mg, twice a day. Throughout this period, there are additional medical records showing that Murchison was seen by medical staff for related problems, including his insulin dosage.

Based on this record evidence, which Murchison has not disputed, the Defendants treated Murchison's pain and, in fact, increased the dosage of his Gabapentin, rather than decreasing it as he alleged. There is nothing in the record to demonstrate that Dr. Pigos or PA Potter acted with deliberate indifference with respect to Murchison's medical needs, or that they improperly denied him treatment. To the extent that Murchison disagrees with the dosage he received, a prisoner's disagreement with proper medical treatment does not imply a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Accordingly, the District Court properly granted summary judgment in favor of the Defendants because there is no genuine issue of material fact and there is

5

no evidence that the Defendants exhibited deliberate indifference to a serious medical need.[6]

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[6] Because we conclude that summary judgment is appropriate in this instance, we do not need to address whether Murchison exhausted his administrative remedies with respect to his claims against PA Potter and Dr. Pigos.